UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

       Plaintiff,

                            CASE NO. 18-CV-10449
v.                            HON. GEORGE CARAM STEEH

JANINE SHAMAN et al.,

       Defendants.
                            /

**ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION (Doc. 37)**

On November 2, 2018, this court granted Plaintiff Comerica Bank's motion to amend its Complaint to substitute the Defendant Bernadette Esshaki Irrevocable Trust under agreement dated April 25, 1991, ("Bernadette Esshaki Irrevocable Trust") as a named Defendant, in place of the Defendant trust formerly known as the "Bernadette Esshaki Living Trust under agreement dated April 25, 1991," ("Bernadette Esshaki Living Trust."). Now before the court is Defendants' motion for reconsideration. Having shown no palpable error in the court's prior order, Defendants' motion shall be denied.

Under Local Rule 7.1(h)(3), a motion for reconsideration should be granted only when a movant can "demonstrate a palpable defect by which the court and the parties . . . have been misled" and "correcting the defect will result in a different disposition of the case." No such showing has been met here.

The original Complaint named the Bernadette Esshaki Living Trust as a Defendant, but Plaintiff recently learned that particular trust was converted to an irrevocable trust in 2012. Thus, Plaintiff moved to amend the Complaint to change the name of the Bernadette Esshaki trust. This court granted Plaintiff's motion to amend and ruled that the amendment related back to the filing of the original Complaint under Federal Rule of Civil Procedure 15(c), and thus the claims against the Bernadette Esshaki Irrevocable Trust were timely.

In their motion for reconsideration, Defendants argue that the Sixth Circuit's decision in *Durand v. Hanover Ins. Group, Inc.*, 806 F.3d 367 (6th Cir. 2015) requires a different result. Not so. In *Durand*, the Sixth Circuit held that certain ERISA claims added to the lawsuit in the first amended complaint did not relate back to the filing of the original complaint because they involved different plan policies, adopted at different times, which were

illegal under different provisions of ERISA. *Id.* at 376. Obviously, the claims here stand in marked contrast to those in *Durand.*

Here, the original Complaint named the Bernadette Esshaki Living Trust, which unbeknownst to Plaintiff had been converted to an irrevocable trust in 2012. Plaintiff's mistake can be explained, at least in part, by Defendants' continued use of the "Living Trust" name in the months leading up to the filing of this lawsuit. Defendants do not dispute that their counsel sent a letter to Plaintiff's counsel in September, 2017 identifying the trust as the "Bernadette Esshaki Living Trust," (Doc. 20-2) nor that the tax documents delivered to Plaintiff prior to July, 2018 all gave the name of the Bernadette trust, as the "Bernadette Esshaki Living Trust." Also, it is undisputed that Defendants did not produce the irrevocable trust agreement until July, 2018, and not until ordered to produce it by Magistrate Judge Whalen.

The Sixth Circuit's decision in *Norfold Cty. Retirement Sys. v. Community Health Sys., Inc.*, 877 F.3d 687, 693-94 (6th Cir. 2017) compels the result reached in the court's prior order. In that case, the Sixth Circuit explained that untimely allegations in an amended complaint relate back to the initial complaint under Rule 15(c)(1)(B) where they "arose of the

conduct, transaction, or occurrence set out – or attempted to be set out – in the original complaint." *Id.* at 694.  The Sixth Circuit held that Rule 15(c)(1)(B) "is met if the original and amended complaints allege the same 'general conduct' and 'general wrong.'"  *Id.* (quoting *Durand*, 806 F.3d at 375).  In *Norfolk*, Plaintiff's initial complaint alleged securities fraud through various concealments and misrepresentations, and the amended complaint expounded on those allegations by adding other misrepresentations and frauds.  *Id.*  Because all of the allegations involved the same overall fraud whereby defendant sought to convince investors that defendant's revenues were sustainable, the newly added allegations related back to the filing of the initial complaint.  *Id.*

Likewise, there is no question that the substitution of the Bernadette Esshaki Irrevocable Trust for the Bernadette Esshaki Living Trust in the First Amended Complaint involves the same general conduct and general wrong.  Plaintiff alleges that the Trust wrongfully shields assets that should be used to satisfy the more than $6.5 million dollar judgment Plaintiff is seeking to collect in this case by voiding various allegedly fraudulent transfers.  Defendants' attempts to categorize the allegedly fraudulent transfers into discrete schemes does not ring true.  Moreover, the most

important aspect of the relation back doctrine is that the defendant be put on notice of the plaintiff's claims, and that there is no prejudice or surprise when additional claims are added.  *Id.*  Indeed, the original Complaint in this case put Defendants on notice of Plaintiff's general claim of fraudulent transfers of judgment debtor James Esshaki and his wife Bernadette.  In addition, this is a simple case of misnomer.  Plaintiff sued the Bernadette Esshaki Living Trust, which has not existed since 2012 when it was converted to an irrevocable trust.  There is no surprise or prejudice to Defendants by allowing Plaintiff to correct this error, especially when the error may be blamed on Defendants' conduct in repeatedly referring to the trust by its outdated name.

Since judgment was entered in the two companion cases and even before this lawsuit was filed, Defendants have been on notice that Plaintiff is seeking to enforce those judgments and to set aside various transfers alleged to be fraudulent and thus, voidable.  The Defendants in this collection action are three trusts and the children of the judgment debtors, who are also the beneficiaries of the three trusts.   The original Complaint sought to set aside transfers to the Irrevocable Trust for the Benefit of the James Esshaki Family, transfers to the James Esshaki and Bernadette

Esshaki Qualified Personal Residence Trust, and transfers to the Bernadette Esshaki Living Trust, and transfers made to the children of the Judgment Debtors. All of the trusts were established by agreements in 2012, and the transfers are part of the same alleged scheme to shield assets that were available to satisfy the debt owed to Plaintiff. Accordingly, Defendants have shown no prejudice or surprise by the amendment of the Complaint to substitute the Bernadette Esshaki Irrevocable Trust, for the trust formerly known as the Bernadette Esshaki Living Trust.

Defendants also argue this court erred in granting Plaintiff's motion to amend by failing to rely on several bankruptcy decisions they cited, which they contend requires the opposite result. Those cases involve bankruptcy law which is not particularly relevant here. For example, In *In re Rosich*, 562 B.R. 682, 684 (W.D. Mich. 2017), the Chapter 7 trustee sought to avoid certain transfers of the debtor and sought to have new untimely claims relate back to the filing of the original complaint. The court held the new claims did not relate back because "a trustee's avoidance powers, as a matter of statute, are transaction-specific," and the transaction sought to be voided involved a different asset, transferee, and different time period. *Id.* at 684-85. This case is distinguishable because Plaintiff is not a

bankruptcy trustee whose powers of avoiding fraudulent transfers are circumscribed by statute, and adding claims against the irrevocable trust is clearly contemplated by the naming of that trust by its prior name.

Similarly, Defendants' reliance on an unpublished bankruptcy appeal, *Dery v. Rosenberg*, No. 02-73274, 2003 WL 21919267, at *1 (E.D. Mich. Jan. 13, 2003) does not suggest this court should reverse its prior ruling. In that case, the bankruptcy trustee sought revocation of the debtor's discharge based on fraudulent representations and omissions of the debtor. *Id.* When the trustee sought to amend his complaint to add the debtor's ownership interest in a mobile home park that the debtor failed to disclose, the court ruled the amendment would not relate back because it was an entirely new case for revocation distinct from the alleged omissions and misrepresentations set forth in the original complaint. *Id.* at *7. Again, this case is markedly distinguishable from the bankruptcy case; in part, simply because this is not a bankruptcy case. Also, here the initial complaint sought to set aside the allegedly fraudulent transfers into Bernadette Esshaki's trust, whether as a "living" trust as Plaintiff mistakenly believed the trust to be identified, or as an irrevocable trust.

Defendants also argue that *Moross Ltd, P'ship v. Fleckenstein Capital, Inc.*, 466 F.3d 508 (6th Cir. 2006) supports reversal of the court's prior order. In *Moross*, the plaintiff never even sought leave to amend its complaint, but argued a new theory of its fraud claims in its response to defendants' motion for summary judgment. *Id.* at 518. The Sixth Circuit held that any amendment would have been futile, as the new claims were time-barred and would not relate back to the initial complaint as they arose out of completely different facts. *Id.* The initial complaint alleged "cherry picking," namely that defendant investors misrepresented how profits and losses were allocated, but the amended claims took issue with statements made in the defendants' offering materials. *Id.* That case is also distinguishable because plaintiff there delayed over 18-months after filing suit to raise new claims, which the Sixth Circuit held amounted to undue delay, and then only did so in response to defendants' motion for summary judgment. *Id.* at 519. By contrast, there has been no showing of undue delay here as Plaintiff sought to amend shortly after Defendants provided the relevant trust agreement. Also, substituting the irrevocable trust for the revocable trust arises out of the same conduct or transaction attempted to be set forth in the original pleading.

Finally, the court considers Defendants' argument that if the court allows the claims against the Bernadette Esshaki Irrevocable Trust to relate back to the filing of the original complaint, the claim should be limited to the value of the household property transferred to it, and the trust's liability should not be extended beyond that amount. Defendants are no doubt correct that the original Complaint specifically states that James Esshaki transferred all of his personal property to the Bernadette Trust (Complaint, ¶ 32). But this is not a basis for circumscribing the liability of that Trust at this juncture. If the judgment debtors made fraudulent transfers to the Bernadette Esshaki Irrevocable Trust beyond the personal property of the Walnut Lake Road residence specifically mentioned in the original Complaint, that is an appropriate area of inquiry during discovery and may be relevant at trial. Throughout this litigation, Plaintiff was led to believe that the trust was revocable and thus, that assets in the trust were personal assets available to creditors. Upon learning that the trust is irrevocable and thus, funds are not available to creditors, Plaintiff seeks to recover transfers on the grounds that they are fraudulent. Under these circumstances, depriving Plaintiff of discovery as to all assets of the trust would be unfair. By contrast, there is no prejudice to Defendants who have been on notice

of Plaintiff's intent to set aside all fraudulent transfers of the judgment debtors going back to Plaintiff's efforts to enforce the judgment in its original collection case.

In sum, having failed to show a palpable defect by which the court or parties have been misled, Defendants' motion for reconsideration (Doc. 37) is DENIED.

**IT IS SO ORDERED.**

Dated: December 11, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 11, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk